# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEMETRIUS D. WALKER, #1421830

v.  ACTION NO. 2:12cv424

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

       Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

**A. Background**

Petitioner Demetrius D. Walker ("Petitioner" or "Walker") is detained pursuant to a conviction entered in the Circuit Court for the City of Norfolk on March 26, 2010. Petitioner was convicted of abduction with intent to defile, forcible sodomy, two counts of object sexual penetration, one count of armed statutory burglary, one count of robbery, and six counts of use of a firearm in the commission of a felony. *Commonwealth v. Walker*, CR08002515-14-25 (Dec. 10, 2009, Va. Cir. Ct.) (ECF No. 11-1). Petitioner was sentenced to eighty-eight years in prison

and the Court suspended fifteen of those years. It is this conviction and sentence that Petitioner is challenging in the present action.

Petitioner filed a direct appeal to the Virginia Court of Appeals, which was refused on September 23, 2010. Petitioner then appealed his conviction to the Supreme Court of Virginia. The supreme court denied Petitioner's appeal on May 19, 2011. Walker then filed a petition to the Supreme Court of Virginia on May 17, 2012, requesting a writ of habeas corpus issue. The Virginia Supreme Court dismissed Walker's petition on October 12, 2013, finding some of Petitioner's claims were barred under *Slayton v. Parrigan*, 215 Va. 27 (1974), and denying the remaining claims on the merits.

Petitioner filed a petition for writ of habeas corpus in this Court on August 1, 2012. ECF No. 1. Respondent filed its first Rule 5 Answer and Motion to Dismiss on September 12, 2012. ECF Nos. 3-5. Petitioner filed his Response to the Motion to Dismiss on November 11, 2012. ECF No. 21. Because Walker's petition before the Supreme Court of Virginia was still pending, the Court did not take action. Once the state court denied the petition, Respondent filed a new Motion to Dismiss and accompanying brief. ECF Nos. 9-11. Petitioner then filed a Motion to Amend his petition (ECF No. 13), which the Court granted. ECF No. 14. Following the filing of the amended petition on June 21, 2013, (ECF No. 16), Respondent filed a Motion to Dismiss and accompanying briefs on June 28, 2013, (ECF No. 18-20). Petitioner filed a Reply to this Motion on July 24, 2013. (ECF No. 21).

To the extent that Petitioner requested an evidentiary hearing in his petition, the Court DENIES the request, as purely legal issues are presented and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

**B. Grounds Alleged**

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Witnesses at trial committed perjury;

(2) Petitioner's double jeopardy rights were violated;

(3) The Commonwealth lacked sufficient evidence to convict Petitioner;

(4) Petitioner received ineffective assistance of counsel; and

(5) In his amended complaint, Petitioner added that he received ineffective assistance of counsel because he was not offered a plea deal.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**A. Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). As *Pruett* explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." *Id.* "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith,* 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the claims presented in this petition have been exhausted either because they have been raised once to the Virginia Supreme Court, or because they could no longer be raised. *See* Resp.'s Br. in Supp. of Mot. to Dismiss 2 (ECF No. 11).

**B. Procedural Default**

This Court can only address the merits of Walker's claim if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").

Petitioner's claims (1), (2), and (3) are procedurally defaulted and may not be reviewed by this Court. Petitioner states in his habeas petition that he failed to raise claims (1), (2), and (3) either during the sentencing phase of his trial or on direct appeal. *See* Pet. 6-10 (ECF No. 1). Under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. *Slayton v. Parrigan*, 215 Va. 27, 30 (1974) (default arises when Petitioner failed to raise claims during trial or on direct appeal). Petitioner raised claims (1), (2), and (3) in his state habeas petition, and the Virginia Supreme Court denied these claims based on *Slayton*. *Walker v. Director of the Department of Corrections*, Record No. 120890 (Va. Oct. 12, 2012). The Fourth Circuit has held that Slayton constitutes an independent

4

and adequate state procedural rule. *Fisher*, 163 F.3d at 844. Therefore, these claims are procedurally defaulted and cannot be considered by this Court.

Further, the procedural default doctrine provides that a claim will be deemed exhausted if state courts have not had the opportunity to review a claim and would now refuse to review the claim under an adequate and independent state procedural rule. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Where the state would bar review of a claim not already presented to the state court, the claim is simultaneously exhausted and defaulted.

Claim (5) raised by Petitioner in his amended petition is a new claim, not presented to the state courts, and would now be banned as a successive petition under Code of Virginia § 8.01-654(B)(2). *See also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). Because Petitioner failed to raise claim (5) in his first state habeas, the Virginia state courts would now refuse to hear it under an independent state rule, and it would be procedurally defaulted in state court. Under *Teague v. Lane*, this Court cannot consider claims that would be procedurally defaulted in state court, and thus this claim is deemed procedurally defaulted in federal court. 489 U.S. at 298.

Petitioner attempts to circumvent this rule by arguing that his claim relates to a "new constitutional rule" created by *Missouri v Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). The argument that this approach is a "new constitutional rule" has been rejected by the Eighth, Fifth, Ninth, Seventh, and Eleventh Circuits. *See Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *In re King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam); *Buenrostro v. United States*, 697 F.3d 1139, 1140 (9th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012)

(per curiam). The Court agrees with these circuit courts that *Lafler* and *Frye* did not create a new constitutional rule, but applied the right to counsel in a specific context. Additionally, Petitioner's allegation does not fall under these cases. *Lafler* and *Frye* both dealt with counsel failing to advise a defendant of provisions of an actual plea agreement. Petitioner's allegation is that he received ineffective assistance of counsel because he received some sort of offer to plea, but then in some fashion the offer was withdrawn. *See* Pet.'s Reply (ECF No. 21). Under *Fyre*, a petitioner must shows a reasonable probability that "the plea would have been entered without the prosecution canceling it." 132 S.Ct. at 1409. By Petitioner's own admission the prosecution cancelled the offer when he asked about the term of years. *See* Pet.'s Reply (ECF No. 21) Regardless, Petitioner procedurally defaulted on this claim.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (citing H.R. Conf. Rep. No. 104-518, at 111 (1996)). Consequently, "state-court

judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. Additionally, a rejection of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess, under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion upon which the Supreme Court of Virginia relied in rejecting petitioner's appeal. *Id.*

**C. Merits**

Petitioner's remaining claim is properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision, and the guidelines provided by *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner alleges that his counsel was ineffective in violation of the Sixth Amendment of the Constitution because counsel did not discuss with him the issues to raise on appeal, did not keep him informed of the appeal's progress, and did not discuss with Petitioner the basis of his appeal. *See* Pet. 9. (ECF No. 1); *see* Pet.'s Resp. to Mot. to Dismiss 1-2 (ECF No. 7). Petitioner also alleges that his attorney advised him he could either move for a sentence reduction or perfect an appeal, but not both. Pet. 9 (ECF No. 1).

To sustain his allegations of ineffective assistance of counsel, Petitioner must meet the burden established by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland v. Washington*, the Supreme Court promulgated a standard to determine if a counsel's performance fell below an objective standard of reasonableness, and the defendant suffered actual prejudice as a result. 466 U.S. at 689-94; *see also Williams*, 529 U.S. at 391. *Strickland* requires this Court to review the reasonableness of Walker's attorney's decisions under a two-prong test:

7

performance and prejudice. *Id.* Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A court addressing an ineffective assistance of counsel claim need not analyze the performance prong before the prejudice prong, nor must it "address both components of the inquiry . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. In order to recommend granting Petitioner relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of *Strickland*.

The first part of Petitioner's claim is that he received ineffective assistance of counsel during the appeal process because his attorney did not discuss with him which issues to pursue on appeal, did not keep him informed of the status of his appeal and failed to advise Petitioner of the basis for his appeal. In particular, Petitioner believed it was a mistake to appeal on the issue of his sentence and that other issues were more important. Pet. 8-9 (ECF No. 1).

The Supreme Court of Virginia ruled that Petitioner failed to meet his burden under either prong of the *Strickland* standard. *Walker v. Director of the Department of Corrections*, Record No. 120890, at *2 (Va. Oct. 12, 2012). In making this ruling, the court pointed *to Jones v. Lawrence*, 463 U.S. 745 (1983), which held that issues for appeal are left to the discretion of

counsel and counsel has no burden to raise every issue on appeal. *Id.* at 751-52. The Court finds that the Supreme Court of Virginia fairly and correctly, and therefore, reasonably, applied the United States Supreme Court precedent to this case. The issues raised on appeal are strategic decisions that lie with counsel.

The Supreme Court of Virginia also dismissed Petitioner's second argument that he received ineffective assistance of counsel because his attorney told him he could either file for appeal or seek a reduction in sentence. *Walker*, Record No. 120890, at *3. This claim was rejected because a motion to reconsider sentencing is not an integral part of the criminal justice system, and therefore, no right to counsel exists. *Id.* (citing to *Evitts v. Lucey*, 469 U.S. 387, 393 (1985).

The United States Supreme Court has held that the right to counsel does not extend beyond a first appeal of right. *See e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus no right to counsel exists on a motion to vacate or modify a sentence in the federal system. *See id.* (discussing no right to counsel in collateral attacks). This Court can see no reason why the outcome would be any different in the state system, and therefore, the Supreme Court of Virginia's holding was a fair application of federal law, and a reasonable application of the United States Supreme Court's precedent. Additionally, Petitioner states his claim without any particularity and fails to even allege what prejudice he endured. With that in mind, Petitioner cannot satisfy the prejudice prong of the Strickland standard. For these reasons, the Court cannot grant relief on this ground.

### III. RECOMMENDATION

The Court recommends that Walker's petition for writ of habeas corpus be DENIED (ECF No. 1), and Respondent's Motion to Dismiss be GRANTED (ECF No. 9).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 26, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Demetrius D. Walker, #1421830
Red Onion State Prison
P.O. Box 970
Pound, Virginia 24279

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk
July 26, 2013